IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-600-JPG-DGW |
| | ) |
| ROBERT HERTZ, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Plaintiff on June 1, 2013 (Doc. 3) and the Motion to Admit Recruitment of Counsel Attempt filed by Plaintiff on July 19, 2015 (Doc. 19). The first Motion is **DENIED WITHOUT PREJUDICE** and the later Motion is **MOOT**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff represents that he has a GED and some college (consisting of one class) and that he requires counsel because he is unfamiliar with Court proceedings and believes that expert testimony and evidence may be necessary. Plaintiff is complaining of the conditions of confinement at the Madison County jail and has a variety of claims against a number of Defendants. Most of Plaintiff's claims center on the health effects of inadvertently ingesting denture cleaning tablets and of being exposed to a filthy and sewage filled cell. Plaintiff's complaint, though is a lengthy and detailed account of Plaintiff's health history and attempts to acquire medical care. Plaintiff also has filed a motion for injunctive relief and has kept the Court informed of his attempts to secure counsel without Court assistance. From the pleadings filed with the Court, Plaintiff appears competent to try this matter notwithstanding the multiple claims and Defendants. Should this matter prove too complicated for Plaintiff to pursue, he may seek recruitment of counsel in the future.

**IT IS SO ORDERED.**

**DATED: July 13, 2015**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**