IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BAKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-600-JPG-DGW |
| | ) |
| ROBERT HERTZ, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Appoint Expert filed by Plaintiff on August 8, 2015 (Doc. 50). The Motion is **DENIED**.

The appointment of a medical expert pursuant to Federal Rule of Evidence 706 may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turn v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). In *Ledford*, the Seventh Circuit noted that "[t]he test for deliberate indifference is not as involved as that for medical malpractice" and requires a subjective determination of whether an official "knows of and disregards a substantial risk of an inmate's health or safety." *Id.* at 359. Plaintiff has alleged a wide range of medical conditions that necessitated care but that was not provided. These conditions range from pain to headaches, vomiting and other injuries. None the conditions, however are outside of the understanding of a jury. Plaintiff has not shown that his conditions were overly complicated or obscure, that there is a significant dispute in the medical record, or that there was a misdiagnosis. *See Id.* at 360 (distinguishing cases). While the negative consequences of a delay in treatment may require presentation of "verifying medical evidence,"

*Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007), Plaintiff indicates that the delay caused pain; again, a condition that a jury should understand without the necessity of an expert.  *Id*. at 715-716.

As to the appointment of an expert to provide an affidavit to support a state law claim, the Court notes that such a medical malpractice claim was been dismissed (without prejudice) and is not currently before the Court.  There is no rule of law that the Court must appoint an expert to assist an indigent litigant in presenting a claim of medical malpractice in federal court.  Plaintiff must search for and retain an expert without the Court's assistance.

**IT IS SO ORDERED.**

**DATED: August 18, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**