IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BAKER, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT HERTZ, JOHN LAKIN, GARY ) <br> BOST, DONALD BUNT, ROBERT ) <br> HOLLENBACH, RANDY YOUNG, ) <br> LIETENANT HILL, MIRAN THOMPSON, ) <br> SERGEANT DOVER, JODIE COLLMAN, ) <br> PAUL SARHAGE, STEVE RIDING, ) <br> DONALD MCNAUGHTON, KENT ) <br> GRIFFITH, TIM WALKER, CRAIG ) <br> RICHERT, MIKE TASSOME, MIKE HARE, ) <br> OFFICER MARK SPURGEON, BLAKE ) <br> SELLERS, MARK RYAN, MATT MILLER, ) <br> ROBERT BLANKENSHIP, MARTHA ) <br> MAJOR, ALICIA RUSHING, and VALERIE ) <br> BASSETS, ) <br> ) <br>     Defendants. ) | Case No. 3:15-cv-600-JPG-DGW |

**ORDER**

Now pending before the Court are the Motion for Relief from the April 19, 2016 Order filed by Defendants on April 20, 2016 (Doc. 79) and the Motion to Suppress filed by Plaintiff on May 16, 2016 (Doc. 85). The Motion for Relief is **GRANTED IN PART** and the Motion to Suppress is **DENIED**.

*Motion for Relief*

On October 28, 2015, Plaintiff served requests to produce and interrogatories upon Defendants. Defendants did not respond in a timely manner. After Plaintiff inquired about responses on several occasions, and after no responses were forthcoming, Plaintiff filed a Motion to Compel on February 29, 2016 (Doc. 73). Defendants did not respond to the motion within the

time provided by Local Rule 7.1. On April 19, 2016, this Court granted the motion to compel and directed Defendants to respond to the discovery requests within 2 weeks, without objection (Doc. 78). The next day, Defendants filed a Motion, pursuant to Federal Rule of Civil Procedure 60(b)(1), stating that "Defendants should be relieved from the April 19, 2016 Order as the discovery was timely responded to; however, through the inadvertent act of the undersigned counsel, a written response to Plaintiff's Motion to Compel was not filed with the Court."

Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2) provide that a party has 30 days from service to respond to written discovery requests. Therefore, and contrary to Defendants' claim that the March 10, 2016 responses were timely, their discovery responses were due on November 30, 2015. By failing to respond to interrogatories in a timely manner, Defendants waived their objections; and, such a waiver can only be excused for "good cause." Fed.R.Civ.P. 33(b)(4). Federal Rule of Civil Procedure 37(a) further provides that if a party fails to timely respond to written discovery requests, Plaintiff may file a motion seeking such responses so long as he can certify that he attempted to confer in order to acquire responses. Plaintiff also had the option of seeking sanctions. Plaintiff elected to just seek an order compelling responses.

Rule 37 anticipates that a party may respond to the discovery requests after a motion to compel has been filed. Thus, Rule 37(a)(5) provides that the Court must impose sanctions, in the form of reasonable expenses incurred (with certain exceptions), if tardy responses are made. In this matter, Plaintiff is proceeding *pro se* and has no attorney expenses; the only expenses that Plaintiff may have are related to the cost of stationary and postage, which is negligible.

The result is that Defendants should have responded to Plaintiff's interrogatories without objection and that they should have responded to Plaintiff's requests to produce. A brief perusal of Plaintiff's interrogatories reveals, however, the much of his questions are open-ended,

argumentative, and vague. For example, he seeks the names of all policy makers at the Madison County Jail from March 2014 to the present (Doc. 79-1, p. 2). Such a request does not specify the type of policies that are relevant to this lawsuit. Plaintiff does provide more specific requests thereafter and indicates that he is seeking the person or persons who promulgate policy regarding medical care at the jail. These subsequent requests, however, are argumentative (i.e. "list any . . . individual . . . who . . . has promulgated the policy . . . [that] directs or allows a non-medical inadequately trained Jailer to make a unprofessional judgments to assess such important and critical evaluations in emergency situations . . . ."). Defendants object but nonetheless respond that the jail rules and procedures are based on the "Illinois County Jail Standards." This response does not give the Plaintiff what he is essentially asking for: the name of the person who makes or promulgates or enforces jail policies with respect to medical care.

The Court further notes that some of the interrogatories seek information that already can be gleaned from initial disclosures. For example, interrogatory 9 seeks the names of all persons who will testify at trial. Defendants respond that they do not yet know who will testify; however, Defendants already should have provided a list of persons with knowledge, as required by the Scheduling Order (Doc. 62). Plaintiff also requests other information, the relevance of which is unknown.

In light of the uncertainty of what discovery has been produced to Plaintiff, the Motion is **GRANTED IN PART** to the extent that Defendants have now responded to the discovery requests. However, the responses are replete with objections and Defendants have not provided any argument as to what good cause exists to permit the objections to stand (although, as noted above, some discovery requests are objectionable). In order to move these proceedings along, then, this matter is **SET** for a hearing on **October 4, 2016 at 2:00 p.m.** on Defendants' objections

to discovery requests. Defendants shall appear by counsel and Plaintiff shall appear by video-conference. The parties should be prepared to discuss what discovery is outstanding, Defendants' responses to Plaintiff's interrogatories and requests to produce, and any other discovery related matter.

The Motion to Suppress is **DENIED**. Plaintiff's deposition was taken on February 9, 2016. Plaintiff claims that: 1) he was not given reasonable notice of the deposition; 2) Defendants did not have leave to conduct his deposition; 3) he was under the influence of psychotropic medication at the time that causes confusion and the inability to think clearly; 4) he was not able to fully answer questions; 5) he was not able to "cross-examine"; 6) he was not permitted to object; and, 7) he was subjected to rude behavior. Objections 2 through 7 are wholly without merit and require no further comment. As to Plaintiff's claims that he was not given reasonable notice, the Court finds that the notice was mailed on February 4, 2016 and that Plaintiff received it on February 8, 2016, a day before the deposition on February 9, 2016. Federal Rule of Civil Procedure 30 requires "reasonable written notice." There is no hard-and-fast rule that provides the parameters of reasonable notice. At the very least, however, the reasonableness of any notice is contingent upon the specific facts of a case. *See generally In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327-328 (N.D.Ill. 2005); *United States v. Phillip Morris, Inc.*, 312 F.Supp.2d 27, 36-37 (D.D.C. 2004); *C & F Packing Company v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 678 (N.D.Ill. 1989).

While not ideal, the short notice provided to Plaintiff is reasonable. Plaintiff is incarcerated, has identified no other time commitments that would have prevented the deposition, and has not otherwise incurred any costs related to the deposition. There is no evidence that he was prejudiced in any way with respect to the date and time of the deposition. The Court also

notes that, notwithstanding the list of objections that Plaintiff now has, he did not file a motion pursuant to Rule 30(d)(3)(A) to terminate or limit the deposition. It is apparent that Plaintiff is more than capable of filing motions and seeking relief from the Court. If the deposition was as onerous as Plaintiff now claims, the Court would have expected Plaintiff to file a more timely motion.

**DATED: September 20, 2016**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**