UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT HERTZ, JOHN LAKIN, GARY BOST, DONALD BUNT, ROBERT HOLLENBACH, RANDY YOUNG, LT. HILL, MIRAN THOMPSON, SGT. DOVER, JODIE COLLMAN, PAUL SARHAGE, STEVE RIDINGS, DONALD McNAUGHTON, KENT GRIFFITH, TIM WALKER, CRAIG RICHERT, MIKE TASSONE, MIKE HARE, OFCR. MARK SPURGEON, BLAKE SELLERS, MARK RYAN, MATT MILLER, ROBERT BLANKENSHIP, MARTHA MAJOR, ALICIA RUSHING, and VALERIE BASSETS,<br><br>    Defendants. | Case No. 15-cv-600-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 124) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant in part and deny in part the defendants' motion for summary judgment (Doc. 104). Specifically, Magistrate Judge Wilkerson recommends that Court grant the motion as to Counts 1, 2, 4, 5 (as against Richert and Hill), 6 (as against Blankenship), 10 (as against Hare, Collman/Coleman, Spurgeon and Hollenbach) and 13, and deny the motion as to Counts 3, 5 (as against Sarhage and Miller), 6 (as against Rushing, Major and Bassets), 10 (as against Bost, Bunt, Ryan, Sellers, McNaughton, Dover, Tassone, Griffith, Richert, Ridings, Sarhage and Hill) and 16.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P.

72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

All parties have objected to the Report in some way or another (Docs. 125 & 126). The Court reviews *de novo* the portions of the Report to which objections have been made and reviews the other portions for clear error.

## I. Background

This case arose when plaintiff Jeffrey Baker was a pretrial detainee in the Madison Country Jail ("Jail"). He makes a variety of claims, including retaliation; deliberate indifference to his medical needs stemming from his being given incorrect medication and not being provided appropriate follow-up medical treatment for that and other medical complaints; conditions of confinement based on the contamination of the Jail with raw sewage, lack of clean water, too much time between meals, cold temperatures in the cells, housing with dangerous criminals, deprivation of personal property, dirty razors, and lack of first aid items; denial of access to the courts because of an inadequate law library and time in the law library, and lack of stamps and notary service; lack of a functional grievance procedure; and verbal harassment. The Court has already dismissed a number of these claims, and the defendants' motion for summary judgment seeks judgment on the remaining ones.

## II. Objections to the Report

Objections have only been filed to the recommended disposition of Counts 3, 6 and 10. The Court has reviewed the Report's recommended disposition of the other remaining counts for

clear error and finds none. Accordingly, it will adopt those portions of the Report. As for Counts 3, 6 and 10, the Court reviews the Report's recommended disposition of those counts *de novo*.

    A.    <u>Count 3: Deliberate Indifference to Serious Medical Need on June 2-3, 2014, by Non-Medical Personnel</u>

In this count, Baker claims defendants Spurgeon, Ridings, Thompson, Young, Miller, Sarhage, McNaughton, Walker, and Ryan refused to obtain any medical care or examination for him within the day after he ingested Efferdent on June 2, 2014, despite his persistent vomiting and complaints of severe pain. He had been given Efferdent, a denture cleaner not intended for human consumption, by a Jail officer after he complained about heartburn.

Magistrate Judge Wilkerson found in the Report that there is sufficient evidence that Baker suffered an objectively serious medical condition because he ingested Efferdent, including uncontrollable vomiting with blood, intense cramps, chest and abdomen pain, dizziness, hot flashes, and feeling deathly ill. Magistrate Judge Wilkerson further found that there is evidence from which a reasonable jury could conclude the Count 3 defendants ignored him after seeing he was uncontrollably vomiting and in intense pain or provided blatantly inappropriate treatment (milk and observation) rather than calling for immediate medical help. He therefore recommends denying summary judgment on Count 3.

The defendants object to Magistrate Judge Wilkerson's recommendation on Count 3, but their objection does not specifically address Count 3. Instead, it focuses on Count 6, Baker's claim that medical personnel were deliberately indifferent to his medical needs. Nevertheless, the Court has reviewed Magistrate Judge Wilkerson's recommendation regarding Count 3 *de novo* and, for the reasons stated in the Report, find it is correct. Accordingly, it will adopt the Report as

3

to Count 3 in its entirety and will deny summary judgment to the Count 3 defendants.

B.     Count 6:   Deliberate Indifference to Serious Medical Need by Medical Personnel

In this count, Baker claims defendants Rushing (nurse), Blankenship (doctor), Major (nurse), and Bassets (nurse) were deliberately indifferent to Baker's serious medical needs, including the severe vomiting and pain after taking Efferdent; elbow injuries; his ongoing headaches, chest and other pain; his earache; and his exposure to raw sewage.

1.     Dr. Blankenship

Magistrate Judge Wilkerson noted that Baker saw Dr. Blankenship on June 3, 2014, the day after eating Efferdent, and that Dr. Blankenship examined him, ordered an x-ray and urine and blood tests. He also substituted one pain medication for another. He assessed that the test results were normal and the x-ray showed no significant problem. Magistrate Judge Wilkerson noted that Baker has pointed to no other contact with Dr. Blankenship before he filed this lawsuit in June 2015, and that his September 2015 care from Dr. Blankenship cannot be at issue in this case. Magistrate Judge Wilkerson found no reasonable jury could find Dr. Blankenship was deliberately indifferent to Baker's medical needs based on his June 2014 treatment and that he was therefore entitled to summary judgment. [1]

---

[1] Magistrate Judge Wilkerson applied the Eighth Amendment standard for inadequate medical care to this case. However, there has been some uncertainty about whether *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), changed this standard for pretrial detainees. In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id.* at 2470. *Kingsley* calls into question whether deliberate indifference is the correct standard for a pretrial detainee's conditions of confinement claim, but the Seventh Circuit Court of Appeals has suggested the Eighth Amendment standard still applies. *See Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016). *But see Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017) (applying objective unreasonableness standard to conditions of confinement claim).

Baker objects, noting that the blood tests Dr. Blankenship ordered on June 3, 2014, were not normal and, in fact, showed four results out of the "reference interval" (Doc. 110-2, p. 99-100) and that the x-ray report indicated a "Nonspecific abdominal gas pattern without significant gaseous distention" and a "Moderate amount of stool throughout the colon" (Doc. 110-2, p. 98). He argues this shows Dr. Blankenship was deliberately indifferent for not treating these conditions.[2] Dr. Blankenship states, though, that he viewed those test results as normal and not warranting further investigation or treatment beyond what was already being done. No evidence suggests that the particular out-of-range test results indicated a possible cause for Baker's medical complaints, required action by a doctor, or posed any serious threat to Baker's health. Indeed, the two tests that were repeated in subsequent rounds of tests eventually returned to within the "reference interval" even without any follow-up by Dr. Blankenship (Doc. 110-2, pp. 103 & 110). There is no evidence from which a reasonable jury could find Dr. Blankenship subjectively knew of a serious risk to Baker's health because of these test results or that the test results were so abnormal that he responded unreasonably by not taking action to investigate the test results further.

Magistrate Judge Wilkerson was also correct that Dr. Blankenship's failure to conduct a more thorough examination to Baker's liking on June 3, 2014, does not amount to a constitutional violation.

Baker also points to Dr. Blankenship's verbal instructions to a nurse, reflected on a June 17, 2014, sick call slip, that if Baker's prescription medication was not working, discontinue it. Baker views this as an unreasonable response, but it is in fact eminently reasonable to discontinue

---

[2] Baker also points to three different blood test results that were out of the "reference interval" from blood drawn on September 16, 2015 (Doc. 110-2, p. 110), but, as noted above, Dr. Blankenship's conduct on that date post-dates Baker's filing of this lawsuit and is therefore not at issue in this case.

5

medication that is not working.   This is especially true where it is clear that nursing staff were available to Baker and were able to alert Dr. Blankenship to any serious need for medical attention that might arise as a result when the medicine was discontinued.

Baker also notes one blood test result out of the "interval range" for blood drawn September 3, 2014 (Doc. 110-2, p. 103), and that an x-ray report from September 8, 2014, indicated no elbow fractures or dislocation but the presence of "mild spurring" (Doc. 110-2, p. 106).   There is not, however, any evidence Dr. Blankenship was aware of these test results at the time such that he could have been deliberately indifferent to them or could be said to have responded unreasonably.   In fact, one of Baker's persistent complaints was that he was *not* allowed to see a doctor for his ailments.   Instead, the record shows Bassets and Major were the medical providers who saw Baker in connection with these test results, and no evidence suggests they discussed those results with Dr. Blankenship.

Finally, Baker argues that Dr. Blankenship must have been aware of the complaints Baker listed in a September 17, 2014, sick call slip because he wrote on that slip a prescription for severe pain medication.   The vast majority of Baker's complaints were pain-related, so the Court is hard-pressed to see how giving Baker pain medication could be construed as deliberately indifferent or an unreasonable response to his complaints.

In sum, taking the record as a whole, there is no evidence from which a reasonable jury could conclude that Dr. Blankenship was deliberately indifferent to any of Baker's serious medical needs or that his response to any of the needs about which he knew was objectively unreasonable. Accordingly, the Court agrees with Magistrate Judge Wilkerson that Dr. Blankenship is entitled to summary judgment on Count 6.

2. <u>Nurse Defendants</u>

As for the three nurse defendants, Magistrate Judge Wilkerson noted that the defendants did not address in their motion the specific responses each individual had to her awareness of Baker's medical problems. He further concluded that there was evidence from which a reasonable jury could find they ignored his subsequent complaints when he sought medical treatment. He recommended denying summary judgment to these defendants.

The defendants object to this part of the Report. They argue that each time Baker put in a sick call slip, he was seen by medical staff and that he was repeatedly evaluated and prescribed medications to treat his discomfort. The defendants, however, persist in failing to discuss each individual's response to Baker's complaints, including allegations that each ignored certain complaints. Instead, they rely on the general provision of medical care to Baker, which is not enough to establish that no individual was liable. Magistrate Judge Wilkerson was correct to deny summary judgment to the nurse defendants on Count 6.

C. <u>Count 10: Deliberate Indifference to Sewage</u>

In this count, Baker claims defendants Bost, Bunt, Hare, Collman/Coleman, Ryan, Sellers, Spurgeon, McNaughton, Dover, Tassone, Griffith, Richert, Ridings, Sarhage, Hill, and Hollenbach allowed Baker to be exposed to raw sewage, failed to provide cleaning supplies or protective gear for the cleanup, failed to provide Baker with water for personal hygiene and consumption, and failed to clean the sewage residue and mold which contaminated Baker's living area.

Magistrate Judge Wilkerson found that most of the defendants in this count were not entitled to summary judgment because there is a genuine issue of material fact regarding the

severity of the sewage backup and the defendants' awareness of and response to the problem. Specifically, he found there was a genuine issue of material fact regarding whether the defendants that actually were present at the sewage spill failed to take appropriate action. However, he recommended granting summary judgment for defendants Hare, Collman/Coleman, Spurgeon and Hollenbach because there was on evidence regarding them.

Baker objects to granting summary judgment for Hollenbach. He points to evidence that Hollenbach was aware of the sewage backup and actively swept it into Baker's cell. The Court believes this is sufficient to keep Hollenbach in the case for trial. Accordingly, it will reject this portion of the Report and deny summary judgment for Hollenbach on Count 10.

## III. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS in part** and **REJECTS in part** the Report as indicated above (Doc. 124);

- **OVERRULES** the defendants' objections (Doc. 125);

- **OVERRULES in part** Baker's objections (Doc. 126);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 104) as follows:

    o Summary judgment is granted on the following claims:
       - Count 1 in favor of Ryan and against Baker;
       - Count 2 in favor of Ryan and against Baker;
       - Count 4 in favor of Lakin and against Baker;
       - Count 5 in favor of Richert and Hill and against Baker;
       - Count 6 in favor of Blankenship and against Baker;
       - Count 10 in favor of Hare, Collman/Coleman and Spurgeon and against Baker; and
       - Count 13 in favor of McNaughton and against Baker;

    o Summary judgment is denied on the following claims, which shall proceed to trial:
       - Count 3 against Spurgeon, Ridings, Thompson, Young, Miller, Sarhage, McNaughton, Walker and Ryan;
       - Count 5 against Sarhage and Miller;

8

- Count 6 against Rushing, Major and Bassets;
- Count 9 against Bost, Bunt, Hertz, and Lakin;
- Count 10 against Bost, Bunt, Ryan, Sellers, McNaughton, Dover, Tassone, Griffith, Richert, Ridings, Sarhage, Hill, and Hollenbach; and
- Count 16 against Hollenbach.

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants Blankenship, Hare and Collman/Coleman are terminated as defendants in this case.

The Court further **GRANTS** Baker's motion for appointment of counsel (Doc. 128) and **DIRECTS** Magistrate Judge Wilkerson to attempt to recruit counsel for the purposes of trial.

**IT IS SO ORDERED.**
**DATED:   November 21, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**