IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY BAKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:15-cv-600-JPG-DGW |
| ROBERT HERTZ, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Discovery filed by Plaintiff, Jeffrey Baker, on March 23, 2018 (Doc. 140). For the reasons set forth below, and as indicated at the conference on April 3, 2018, the Motion is **GRANTED IN PART and DENIED IN PART**.

Plaintiff, Jeffrey Baker, was proceeding *pro se* in this matter until recently when counsel was appointed on November 22, 2017 (Doc. 131). Counsel was appointed after the discovery deadline had elapsed and after dispositive motions were decided (Doc. 129). Once counsel appeared, Plaintiff was permitted to take one Rule 30(b)(6) deposition and was directed to file a motion if additional discovery became necessary. Plaintiff now seeks to depose two Defendants, Mark Ryan and Martha Major, who are named in three of the remaining counts. Defendants object, noting that the discovery deadline has long since passed (August 26, 2016) and that these Defendants provided sufficient affidavits attached to their motions for summary judgment.

An affidavit is poor substitute for a deposition. Allowing the depositions would permit Plaintiff to inquire more fully into Defendants' conduct and state of mind, factors that a jury must consider once this matter is tried. In light of the limited number of depositions that Plaintiff seeks, the lack of any significant objection other than timeliness, and because the trial date in this

matter (which will be set *infra*) would allow for some discovery, Plaintiff's request is proportional to the needs of this case. *See* Fed.R.Civ.P. 26(b). Plaintiff is accordingly **GRANTED** leave to depose Defendants Ryan and Major within 45 days of the date of this Order.

Plaintiff also requests on Order directing a medical examination of Plaintiff. Plaintiff does not cite to any rule of law that would permit such an examination. To the extent that Plaintiff seeks a Rule 35 examination, the Rule provides that the Court may order a party to submit to a physical examination if that party's medical condition is in dispute. Plaintiff seeks such an examination in order to establish his current medical state and as evidence of the effects of medical treatment (or lack thereof) in the past. Rule 35 does not authorize the Court to appoint a medical expert, at Plaintiff's request, to examine the Plaintiff himself; rather, the Rule allows the Court to direct an opposing party to make himself available for examination. If Plaintiff seeks medical care outside the prison, he must locate and retain an appropriate health professional (at his own cost) and coordinate his consultation with that health professional and with prison officials.

Plaintiff may also be seeking relief pursuant to Federal Rule of Evidence ("FRE") 706, which permits the Court to appoint an expert and apportion costs between the parties. The appointment of a medical expert pursuant to FRE 706 may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). Plaintiff does not claim that FRE 706 is the basis of his request for a medical examination so the Court declines to address this request further. Plaintiff's request for a medical examination is accordingly **DENIED**.

As alluded to above, this matter is now **SET** for a Final Pretrial Conference before District Judge J. Phil Gilbert on **August 8, 2018 at 9:30 a.m.** and for Jury Trial on **August 20, 2018 at 9:00 a.m.**, both at the Federal Courthouse in Benton, Illinois.

This matter is further **SET** for a telephonic Pretrial Hearing on **July 24, 2018** at **2:00 p.m.** before the undersigned. Plaintiff to initiate the conference all. The parties shall submit to the Court, by email and in Word format, a proposed Final Pretrial Order by **July 20, 2018**. The parties shall file Motions in limine by **July 20, 2018** and responses shall be filed by **August 3, 2018**.

The Defendants have already indicated that a settlement conference would be futile. If that position changes, the parties may contact chambers to schedule a settlement conference.

**DATED: April 6, 2018**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**