UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BAKER,<br><br>      Plaintiff,<br><br>   v.<br><br>ROBERT HERTZ, JOHN LAKIN, GARY BOST, DONALD BUNT, ROBERT HOLLENBACH, RANDY YOUNG, LT. HILL, MIRAN THOMPSON, SGT. DOVER, JODIE COLLMAN, PAUL SARHAGE, STEVE RIDINGS, DONALD McNAUGHTON, KENT GRIFFITH, TIM WALKER, CRAIG RICHERT, MIKE TASSONE, MIKE HARE, OFCR. MARK SPURGEON, BLAKE SELLERS, MARK RYAN, MATT MILLER, ROBERT BLANKENSHIP, MARTHA MAJOR, ALICIA RUSHING, and VALERIE BASSETS,<br><br>      Defendants. | Case No. 15-cv-600-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' appeals (Docs. 160 & 161) of Magistrate Judge Donald G. Wilkerson's order (Doc. 148) denying the defendants' motion for leave to file dispositive motions out of time (Doc. 145). The defendants sought leave to file a summary judgment motion nearly ten months after the dispositive motion deadline. They argued that they should be allowed a second bite at the apple because, after the dispositive motion deadline had passed and after counsel was recruited to represent him, the plaintiff took additional depositions of some defendants. Magistrate Judge Wilkerson denied the motion on the grounds that the defendants had not offered good cause to allow another round of summary judgment motions. He also declined to reconsider that ruling because the defendants had not set forth in any detail what new information was elicited in the later depositions that was unavailable to the defendants and their counsel before the dispositive motion deadline.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Magistrate Judge Wilkerson's order denying leave to file a dispositive motion beyond the deadline was not clearly erroneous or contrary to law. Scheduling orders may be modified only for good cause and with a judge's consent, and a judge has discretion to determine whether good cause exists. Fed. R. Civ. P. 16(b)(4); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The primary consideration in that inquiry is the diligence of the party seeking amendment. *Alioto*, 651 F.3d at 720. Magistrate Judge Wilkerson was well within his discretion to find the defendants had failed to demonstrated good cause because they failed to describe new information that had not been available to them earlier with due diligence.

Furthermore, the Court agrees with him that another round of summary judgment motions is not warranted. The defendants have not provided any reason the information given by their own clients in the later depositions was not available to them in time to file a timely dispositive motion. Additionally, this case has been pending since June 2015 and is set for trial August 20, 2018. Further dispositive motions would delay the trial by at least four more months while issues are briefed and while the Court considers the motions. If the evidence is indeed such that no reasonable jury could find for one party against another, the jury will decide that issue far more quickly than the Court can. As it now stands, that question—and all other issues in the case—will likely be decided by the end of the month. Finally, while the Court has sympathy that the number of jail employee defendants in this case will pose special challenges to the functioning of the jail

during the trial, that is not a good reason to further delay the resolution of this case by dispositive motions that are not guaranteed to eliminate any party. However, the Court will consider any reasonable request to present witnesses in an order that will minimize disruption to jail operations.

For these reasons, the Court **DENIES** the defendants' appeals (Docs. 160 & 161) and **AFFIRMS** Magistrate Judge Wilkerson's order (Doc. 148) denying the defendants leave to file dispositive motions out of time.

**IT IS SO ORDERED.**
**DATED: August 1, 2018**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**