UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY BAKER,

    Plaintiff,

v.

ROBERT HERTZ, JOHN LAKIN, GARY BOST, DONALD BUNT, ROBERT HOLLENBACH, RANDY YOUNG, LT. HILL, MIRAN THOMPSON, SGT. DOVER, JODIE COLLMAN, PAUL SARHAGE, STEVE RIDINGS, DONALD McNAUGHTON, KENT GRIFFITH, TIM WALKER, CRAIG RICHERT, MIKE TASSONE, MIKE HARE, OFCR. MARK SPURGEON, BLAKE SELLERS, MARK RYAN, MATT MILLER, ROBERT BLANKENSHIP, MARTHA MAJOR, ALICIA RUSHING, and VALERIE BASSETS,

    Defendants.

Case No. 15-cv-600-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jeffrey Baker's emergency motion for reconsideration (Doc. 177) of the Court's November 21, 2017, order (Doc. 129) granting summary judgment in favor of the defendants on Counts 1, 4 and 6 (as to defendant Blankenship only). Baker notes that the Court applied the wrong standard to evaluate a pretrial detainee's claim for denial of medical care. At the time of the order, the standard had been established as effectively the same standard applicable to similar claims of convicted inmates—deliberate indifference to a serious medical need. However, as the Court noted in footnote 1 of its prior order, the application of that standard to pretrial detainees had been called into question by the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). On August 10, 2018, the Court of Appeals for the Seventh Circuit ruled in *Miranda v. County of Lake*, No. 17-

1603, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018), that the standard applicable to pretrial detainees is objective unreasonableness rather than deliberate indifference. It is clear that the Court applied the incorrect standard; it is less clear that this error makes a difference in the disposition of the subject claims

The procedural posture of this case makes a path forward unclear. This case is on the eve of trial on the remaining six counts, which is scheduled to begin three days from now, Monday, August 20, 2018. The Court and the parties have invested substantial effort in getting this case ready for trial. Indeed, the case is more than three years old, and the parties are entitled to resolution as quickly as possible. Consideration of whether the Court correctly disposed of Counts 1, 4 and 6 (as to defendant Blankenship only) will necessarily require further briefing, but postponing the trial to consider that briefing would unnecessarily delay the trial of the remaining six counts.

In such circumstances, the Court finds it advisable to conduct separate trials, if necessary, of the two groups of claims pursuant to Federal Rule of Civil Procedure 42(b). *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("District courts also have discretion to sever claims at the trial stage under Rule 42."); 6A Fed. Prac. & Proc. Civ. § 1586 (3d ed.) ("Rule 42(b) . . . gives the court extensive discretionary power to order separate trials of claims or issues."). While the Court realizes there is some overlap in the factual basis for the two groups of claims, any harm from having to present the same evidence in separate trials is outweighed by the benefits of allowing the remaining six claims to proceed to trial without delay. Prejudice to the litigants will be minimal, and separate trials will be the most expeditious way to resolve this entire dispute with the maximum judicial economy. Therefore, the Court will continue with the trial of the remaining six claims as currently scheduled on Monday, August 20,

2018, and will order further briefing on the proper disposition of Counts 1, 4 and 6 (as to defendant Blankenship only).

For the foregoing reasons, the Court:

- **GRANTS** the plaintiff's motion for reconsideration (Doc. 177);

- **REINSTATES** Counts 1, 4 and 6 (as to defendant Blankenship only). Blankenship is reinstated as a defendant. These claims are severed for trial and will <u>not</u> be addressed in the trial on Monday, August 20, 2018;

- **ORDERS** that the defendants shall have up to and including October 1, 2018, to file a summary judgment motion addressed to Counts 1, 4 and 6 (as to defendant Blankenship only). Further briefing on the motion will be governed by Local Rule 7.1(c); and

- **ORDERS** that Counts 1, 4 and 6 (as to defendant Blankenship only) will be tried separately, if necessary, pursuant to Rule 42(b).

**IT IS SO ORDERED.**
**DATED: August 17, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**